## BAXTER v. HEILNER.

*(District Court, S. D. New York. May 7, 1889.)*

1. SALVAGE—IMPLIED REQUEST—ADMIRALTY RULE 19.
    Under rule 19 of the supreme court, in admiralty, an action for salvage may be maintained against the person upon whose request and for whose benefit the service is performed. The request may be implied as well as expressed.

2. SAME—ACTION IN PERSONAM.
    Upon a dispute between the owner of coal sunk and an insurance company as to whether he was insured or not, the agent of the company, in the presence of the owner and of the salvor, requested the salvor to go on and raise the coal, and it was agreed that whoever was liable would pay; the owner also saying: "I suppose I will have to pay for it if I am responsible." The salvor thereupon raised the coal, and delivered it to the persons directed by the owner. *Held*, that the owner was liable *in personam*, and that it was immaterial whether the alleged insurers were liable to indemnify him or not.

In Admiralty.

*Wing, Shoudy & Putnam*, for libelant.

*Joseph A. Welch*, for respondent.

BROWN, J. The canal-boat Alanson Post, with a cargo of coal, being sunk at the foot of Jane street, North river, was raised by the libelant in August, 1888. The respondent was the owner of the cargo, which he had contracted to deliver to Addickes & Son. The boat and cargo were raised, and the cargo delivered to them, in accordance with the respondent's arrangement, upon a certain allowance for the damages arising from the sinking of the cargo. The libel is filed to recover $195.07, the share of the cargo for the libelant's services, in the nature of salvage, in raising boat and cargo. It is not disputed that the amount is reasonable, and the apportionment just. The defense is that the defendant is not liable, and that the suit should be against the insurers of the cargo. Before the salvage services were rendered, a dispute arose between the respondent and his alleged insurers whether the cargo was covered by insurance, and, if so, by what company. The respondent claimed to be insured by the China Mutual Company. Its agents denied responsibility. The insurers of the hull arranged with the libelant to raise the boat, and the cargo would necessarily be raised with it. Before entering on the service the libelant sought the respondent, and in an interview with him and the agent of the China Mutual Company, in reference to the cargo, it was agreed that Mr. Baxter should proceed, and be paid by whoever was legally bound to pay. Mr. Heilner was present and agreed to this, saying: "I suppose I will have to pay for it if I am responsible." Mr. Heilner had already arranged for the delivery of the coal to Mr. Addickes. Mr. Baxter thereupon proceeded with the work. The coal was delivered to Addickes & Son accordingly, and the respondent has received the full benefit of the service. Under these circumstances, I think the respondent is legally liable for the salvage service. When Mr. Despard, the agent of the China Mutual Company, in the pres-

ence of Mr. Heilner, told Mr. Baxter to go on, and whoever was liable would pay, and Mr. Heilner not only did not dissent, but stated that he would pay if legally responsible, his request that the cargo should be raised by Mr. Baxter was plainly implied. Mr. Despard's direction to Mr. Baxter to go on, was evidently made in behalf of both, and was acquiesced in by Mr. Heilner. By necessary implication it was a request by Mr. Heilner as well as by Mr. Despard. Mr. Baxter so understood it, and acted upon that understanding. As Mr. Heilner also received the full benefit of the service, he is legally liable to pay for it. The law on this subject is determined by the nineteenth supreme court rule in admiralty, which provides that suits for salvage *in personam* may be against the party "at whose request and for whose benefit the salvage service has been performed." In such a case, the mere fact that the owner is fully insured, and that the service will also inure ultimately to the benefit of the insurers also, does not relieve the respondent from liability. There was no abandonment of the cargo to the insurers. The respondent retained the possession and disposition of it. He remained, therefore, the principal; and it is immaterial whether the China Mutual Company, as his insurers, are bound to indemnify him or not. He arranged for the cargo to be raised, and arranged for its delivery in his behalf by the libelant after it should be raised. It cannot be supposed that the libelant was expected to wait the result of a suit between the respondent and the China Mutual Company before he should obtain payment for his services, or know to whom he should look for payment. There is no equitable reason therefor; nor, in the end, can it make any difference to the respondent. If he was insured, the respondent is as much entitled, in his suit now pending against the insurers, to recover the salvage that he pays to Mr. Baxter, as he is entitled to recover his specific damage to the coal. If he was not insured, unquestionably the respondent would be liable. In either point of view the respondent is equitably estopped from claiming that the salvage service, as respects the cargo, was not rendered at his implied request, as it plainly was for his benefit. Decree for the libelant, with costs.