## THE WILLAMETTE.

### OREGON IMP. CO. et al. v. NELSON et al.

(Circuit Court of Appeals, Ninth Circuit. October 31, 1895.)

No. 204.

1. APPEAL IN ADMIRALTY—DECREE ON STIPULATION BOND—DECISION.
   Where a personal decree was rendered against a principal and sureties on a release bond, and, on appeal, it was decided that the sureties were not liable to certain interveners, because they intervened after the bond was given, *held*, that the decree would be reversed as against the sureties and affirmed as against the principal.

2. SAME—JOINDER OF SUITS IN REM AND IN PERSONAM—OBJECTION NOT RAISED BELOW.
   Failure of respondents to object to the joinder in one libel of a suit in personam with a suit in rem on the same state of facts, until final hearing on appeal, authorizes the court to disregard an objection made at that time.

In this case the original libel was filed by Jacob Nelson against the steamship Willamette to recover damages for personal injuries received in a collision. Several intervening libels were afterwards filed, a statement of which, and of the various proceedings heretofore had, both in the court below and in this court, will be found in the report of the decision rendered here on September 18, 1895. 70 Fed. 874. Certain of the intervening libelants have now petitioned this court to modify a portion of the decree rendered at that time.

Andrew F. Burleigh, for appellants.

Stratton, Lewis & Gilman, for intervening libelants.

D. J. Crowley, Ben Sheeks, A. R. Titlow, and A. H. Garretson, for appellees.

Before GILBERT and ROSS, Circuit Judges, and MORROW, District Judge.

GILBERT, Circuit Judge. The intervening libelants Foran, Miller, Rankin, Vest, and Richardson petition the court to modify that portion of its decree which reverses the several judgments rendered in their favor in the court below against the claimant and the stipulators upon the bond, and that the same be allowed to stand as judgments against the claimant only. Under the authorities cited in the opinion, there can be no doubt that the decree must stand reversed so far as concerns the judgments of the said intervening libelants against the stipulators. But, upon a careful consideration of the record, we are of opinion that sufficient appears therein to sustain the judgments of Miller, Vest, and Richardson against the Oregon Improvement Company, the claimant. These libels are brought both against the vessel and her owner. They contain all the essential averments of libels in personam, except the single allegation that the vessel, at the time of the collision, was the property of the claimant. That defect is supplied, however, by the stipulation, found at page 96 of the transcript, where it is admitted, by all the parties to the litigation, that, on the appeal to this court, the pleadings follow-

ing the said libels shall be omitted from the record, and that the issues shall be deemed the same as in the case of the libelant Reese, so far as they affect the ship Willamette, and the liability of the claimant for damages of any kind. In the case of Reese, so referred to, it distinctly appears in the pleadings that the claimant was the owner of the Willamette at the time of the collision. The evidence in the transcript, upon which the decree of the district court was based, fully sustains the liability of the claimant for the injuries complained of. In the interlocutory decree it was ordered that the claimant pay to the said libelants the respective amounts so found to be due them. In the final decree, it is true, judgment is given against the claimant and against the stipulators, and against each of them. No reason is perceived why the judgments may not properly be affirmed as against the claimant, while they are reversed as against the stipulators. It is not necessary to consider the question whether, under admiralty rule 15, the joinder in one libel of a suit in personam with a suit in rem upon the same state of facts would be permissible, if timely exception were taken. There has been no objection or exception to such joinder, and the court now, upon final hearing, may undoubtedly regard the libels as in personam, and render decree accordingly. In the cases of Foran and Rankin the libels are in rem only, and they must be so regarded, notwithstanding the stipulation of the parties to which we have referred. The Zodiac, 5 Fed. 220.

The decree heretofore entered is hereby modified so as to read as follows: The judgments of the district court in favor of Jacob Nelson, D. J. Wynkoop, and Ella E. Wynkoop, and D. J. and Ella E. Wynkoop and Philip L. Reese, administator, etc., be, and hereby are, affirmed, with costs to the said appellees; and that the judgments in favor of intervening libelants Emma D. Miller, E. W. Vest, and Ida F. Richardson be, and they are hereby, affirmed, as against the Oregon Improvement Company, with costs, and that they be, and they are, reversed, as against L. S. J. Hunt and John Collins, with costs to said stipulators; and that the judgments in favor of the intervening libelants Thomas Foran and John Rankin be, and they are hereby, reversed, with costs to the appellees; and that, as to them, the cause is remanded to the district court for further proceedings, without prejudice to the right of the court below, in its discretion, to treat the intervening petitions of said Foran and Rankin as independent libels, and to issue process thereon against the steamship Willamette, or, upon amendment, against her owners, or to take such other proceedings therein as justice may require.