MERRITT & CHAPMAN DERRICK & WRECKING CO. v. CHUBB et al.[1]

(Circuit Court of Appeals Second Circuit. November 22, 1901.)

No. 30.

1. ADMIRALTY—PLEADING—WAIVER OF MISJOINDER.
    Where no exceptions are taken to a libel in which separate claims for salvage and towage services against different defendants are joined, objection to the misjoinder is waived.
2. SALVAGE—SUIT FOR COMPENSATION—DECREE AS BETWEEN DEFENDANTS.
    The pleadings and proofs in an action to recover for salvage services, in which judgment was rendered against an insurer which had contracted for the services, held not to authorize the court to decree the payment of such judgment by the company which owned the salved vessel, also a party defendant, on the ground that in another proceeding by it for limitation of liability it had been permitted to retain a sum deducted from the appraised value of the vessel to pay the claim of the salvors.

---

[1] Republished from 111 Fed. 1003.

**8. ADMIRALTY—SALVAGE AWARD—INTEREST.**

Where a libelant made greatly exaggerated and unwarranted claims for salvage services and towage, he will not be allowed interest on the amount awarded.[2]

Appeal from the District Court of the United States for the Southern District of New York.

This is a libel for salvage services in raising the passenger steamboat Catskill, which had been sunk in collision in the North river, and for towing her ashore.

The following opinions were delivered in the court below by BROWN, District Judge:

In the decision previously announced I held that Chubb & Son were not bound to pay for raising and towing the Catskill at ordinary contract rates per day's work, but only in proportion to the value of the results of the salvage operations; and in this view I apportioned the amount to be paid by the Catskill Company at $200, and by Chubb & Son, insurers, at $500, making $700 for the whole salvage service.

The salvage service was, however, a lien upon the vessel or her proceeds. The vessel was sold under a subsequent libel in New Jersey, and bought in by a third person, in reality, as it appears from the statements of counsel, for the benefit of the Catskill Company. The Catskill Company received the proceeds, which after deducting for the repairs upon the vessel prior to the sale, netted about $734, which the Catskill Company still holds. That company, moreover, in limited liability proceedings begun in this court and still pending, procured an appraisement of the vessel, and gave testimony by its president before the commissioner on appraisement, showing that the fair value of the salvage service, which would be a lien upon the vessel or its proceeds, would exceed the entire proceeds derived from the sale of the vessel in New Jersey; and upon this testimony the report of the commissioner was made allowing this salvage service as a deduction from the value of the wreck, which was therefore considered as nothing, and he reported 85 cents as the only proceeds, which represented so much unpaid "freight pending."

Chubb & Son upon the payment of the sum of $500, under the decree in this cause for salvage services, would by subrogation have a right to be indemnified to that amount out of the proceeds of the vessel in the hands of the Catskill Company for which allowance was made as a deduction in its favor in the limited liability proceeding. As all parties are before the court in both proceedings, and both are pending, the proper dispositi n of the whole matter would be, in recognition of this whole relation, as in the case of The Eleanora, 17 Blatchf. 104, 105, Fed. Cas. No. 4,335, to direct that both the sums of $500 and $200 be paid by the Catskill Company as a charge against the net proceeds in their hands, received from the sale of the Catskill and referred to in the limited liability proceedings. The small sum remaining would probably not more than pay the costs due the Catskill in the limited liability proceedings, and no further accounting for those proceeds would, therefore, be necessary in that proceeding; it being conceded in the brief for the petitioners therein, upon the report of the commissioner on appraisement, that unless the proceeds of the sale of the vessel were thus applied, they must be brought into court by further order.

A decree may be settled on notice in accordance herewith.

Settlement of the Decree.

(November 29, 1899.)

The decree previously directed is for the best interest of every party concerned, and one competent for the court to make. The technical objections raised seem to me mistaken.

1. The libel was filed to recover compensation for services of a salvage

---

[2] Salvage awards in federal courts, see note to The Lamington, 30 C. C. A. 280.

character, and for nothing else. The claim being based upon an alleged contract, founded on the defendants' request, and the suit being in personam, it was proper to state the case in the introduction to the libel as either a "cause of salvage," or as a "cause of contract." Neither form is necessarily exclusive of the other, or very material.

2. After the exceptions to the original libel, the statement of separate claims against the different defendants in the amended libel. was of course technically objectionable; but no exception was taken to the amended libel and objection to it was waived, and for the convenience of all, the trial proceeded upon the amended libel by consent.

3. The objection that the facts stated in the last opinion were not before the court, is a mistake. All the matters there referred to were either proved, or had been repeatedly stated by counsel in the three or four preceding hearings of the case, as facts in the cause, commented on and submitted to the court as admitted facts. The record in the limited liability proceedings of the Catskill, had been three times presented for the inspection of the court, upon as many different arguments, and was minutely examined. The sale under the New Jersey libel, appears from the evidence in the stenographer's notes; and the sum of about $734 was stated and acquiesced in without contradiction, as the net result. All the facts presented and submitted to the court as a part of the case, belong to the "record" when made up. That these matters do not all appear in the stenographer's notes is of no importance. A case may be, and occasionally is, dismissed upon the opening of counsel alone, when there is no other record of the hearing than the statements of counsel.

4. The record in the limited liability proceedings of the Catskill Company, showed that the company in the appraisement of the vessel retained moneys on account of the very services for which the libelants seek a recovery in this suit. Had not that company been allowed to retain those moneys in order to meet this claim, it must have been paid into court. The Catskill Company having thus procured an allowance to them of the $734 as a deduction from the amount to be paid into court on the appraisement of the vessel on account of this very claim, is estopped from asserting that they hold these moneys on any other account, except such allowance by way of costs as might be awarded to the company out of it. The residue of those moneys thus became in fact the primary fund for the payment of the claim in suit. The simplest equity, therefore, requires that the Catskill Company, a codefendant holding the fund primarily applicable to pay this claim, should be decreed to apply it thereto, before Chubb & Son are personally called on to pay it, though the latter remain liable for it if not collected from the Catskill Company. "All the processes and modes, both of practice and decision," in the admiralty courts, says Lowell, J., "are equitable." Richmond v. Copper Co., 2 Low. 315, 316, Fed. Cas. No. 11,800. Such a decision is in strictest accord with the ordinary practice in admiralty to recognize the equitable rights of codefendants. It is the same in principle as the usual form of decree in collision causes, where the damages are divided between two codefendants. In such cases each is individually liable for the whole amount. Yet the right of each defendant to have the other primarily charged with the payment of one-half of the damages for the protection of the former, if collectible, is an absolute right; and a decree that does not recognize and protect that right, is erroneous. The Alabama and The Gamecock, 92 U. S. 695, 23 L. Ed. 763. See The Sailor Prince, 1 Ben. 461, Fed. Cas. No. 12,219. And as the Catskill Company defendant holds the money reserved on account of this claim, which it is estopped to deny, the defendant must be primarily charged with payment.

Besides this evident equity, other circumstances require that the court should make this decree; namely, that if not made, the net proceeds remaining in the hands of the Catskill Company would immediately become a source of three independent claims, viz.: (1) The claim of Chubb & Son by subrogation for their payment on this decree; (2) the claim of the Sea Insurance Company by reas n of its payment in full of a valued policy on the Catskill: and (3) the St. Johns' claimants for one-half the amount paid by the St. Johns on Miller's claim against the two vessels. Each of these claims would involve no small amount of litigation, trouble and expense.

This should be avoided by the application of those moneys where they belong, and in payment of the salvage services; and this disposition seems. to me to be in the manifest interest of all the parties alike.

5. The objection that the decree gives the whole value of the wreck as compensation for these services, is only apparent and not real. The question of the precise value of the wreck did not arise. There is no doubt from the circumstances proved and admitted, that the value of the wreck was much greater than the net proceeds. I excluded evidence on this point, however, as unnecessary and likely to involve a protracted examination with no useful result, inasmuch as the libelant, as a constructive party, was bound by the result of the sale in admiralty (evidently procured by the Catskill Company for its own benefit) as much as if the sale had been upon the libelant's own demand. Thus the libelant, not being entitled, as I found, to compensation on a quantum meruit, or pay by day's work, was estopped from claiming more than the net proceeds of the sale; while the Catskill Company by its proceedings on the appraisement in limited liability, in which its president had testified that the salvage services were worth from $2,000 to $3,000, and having been allowed to retain all the net proceeds on account of those services, was equally estopped from claiming those services to be less. Further proof on values was, therefore, unnecessary.

6. No error or mistake as to the facts being suggested, the decree should be as formerly indicated.

James E. Carpenter, for appellant Merritt & Chapman Derrick & Wrecking Co.

Robt. D. Benedict, for appellant Catskill & N. Y. Steamboat Co.

Joseph Larocque, Jr., for appellees.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. From the testimony in the case we are satisfied that the services of the libelant in and about the raising of the wreck of the Catskill were rendered upon an agreement with Chubb & Son that they should be compensated for as salvage services only in proportion to value of remnants salved. We see no reason, upon the testimony, to question the propriety of the amount found by the court ($500). Under the pleadings, and upon the proofs, we think the district court erred in decreeing for this sum against the steamboat company. The decree should have been against Chubb & Son. If they are entitled to recover over against the company by reason of its improperly retaining proceeds of sale, they may do so by proper proceedings. We find upon the evidence in the record that the only services rendered by the libelants for the Catskill & New York Steamboat Company or for its benefit were the towage services rendered at its request after the vessel had been raised. We find no competent evidence in the record as to the value of these services, aside from the admission in the answer of the company that they were worth $100. Although separate controversies against different parties were joined in the same libel, there was no objection, and the cause was tried as though the joinder were proper. The only decree authorized by the evidence was a decree against Chubb & Son for $500, and against the steamboat company for $100. In view of the exaggerated claims made by the libelant, no interest should be allowed as against either respondent.

Decree is reversed and cause remanded, with instructions to decree in conformity with this opinion.