MERRITT & CHAPMAN DERRICK & WRECKING CO. v. MORRIS & CUMINGS DREDGING CO.

(Circuit Court of Appeals, Second Circuit. April 4, 1905.)

No. 199.

**1. SALVAGE—NATURE OF SERVICE—RAISING SUNKEN VESSEL.**

The raising of a dredge sunk in shallow water, where there is no danger involved, nor any extraordinary means required or employed, is not a salvage service.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Salvage, § 21.]

**2. SHIPPING—RAISING SUNKEN VESSEL—AWARD.**

An award for services in raising a sunken dredge, based on the finding of a commissioner, affirmed.

[Ed. Note.—Salvage awards in federal courts, see note to The Lamington, 30 C. C. A. 280.]

**3. SAME—INTEREST.**

Where there was long delay in prosecuting a suit to recover for services in raising a sunken vessel, and the claim made was excessive, and, owing to the fact that complainant had a monopoly of such work, it was difficult for defendant to obtain proof as to the value of the services, neither interest nor costs should be allowed.

Appeal from the District Court of the United States for the Southern District of New York.

Appeal from final decree of the District Court for the Southern District of New York, entered June 28, 1904, awarding the libelant $4,000, with interest and costs, for a wrecking service in raising the respondent's dredge, No. 12, which sank in 18 or 20 feet of water near the Erie Basin breakwater, June 26, 1898, while engaged in dredging the channel at that place. The opinion of the District Court, including the report of the commissioner, who states all of the salient facts, will be found reported in 132 Fed. 154.

Albert A. Wray, for appellant.
Avery F. Cushman, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The work performed by the libelant, though skillful in execution and successful in result, was in no sense a salvage service. It had in it no element of danger to person or property, which is the principal factor relied on in sustaining large awards in salvage cases.

The problem of raising the sunken dredge was an exceedingly simple one; no new or difficult questions were presented for solution. The sinking occurred in summer, no storm was raging, the water was comparatively shallow, the bottom was soft mud. The moment the wreckers saw the situation they knew exactly what to do. It is true that the jamming of the spuds prevented the chains from being swept under the dredge in the usual manner, but the tunneling process was well known and had been frequently resorted to on prior occasions. In short, the pretense that there was anything extraordinary about the work cannot be sustained.

We are unable to resist the conclusion that $4,000 is an exceedingly liberal allowance for raising the dredge and yet we are met by the same difficulty which confronted the commissioner—the absence of any proof of the market value of such services and of any satisfactory basis of comparison. This condition is produced by the fact that the libelant holds a substantial monopoly of the wrecking business in the waters surrounding New York and, for heavy work, can make almost any price it desires, without fear of competition. Nevertheless, upon such testimony as was presented to the commissioner we cannot hold that his award was erroneous. It was a fair compromise between the various theories, more or less speculative in character, which were pressed on him for consideration. In view, however, of the long delay in the prosecution of the suit, the unwarranted charge of $464 in the itemized bill as rendered, the deduction by the commissioner of $1,000 from the claim as originally presented, which sum he regarded as improperly charged, the difficulty of obtaining proof by the respondent of the value of libelant's services, and in view of the peculiar circumstances of the case, we are convinced that we are justified in withholding interest on the award. Doyle's Adm'rs v. St. James Ch., 7 Wend. 178. For the same reasons costs should not be allowed in this court. M. & C. Wrecking Co. v. Chubb, 113 Fed. 173, 51 C. C. A. 119.

The decree is reversed and the cause is remanded to the District Court with instructions to deduct the sum of $1,405, being the amount of interest on the recovery, and in other respects to proceed in accordance with this opinion.