66 F.2d 764 (1933)
THE G. L. 40.
COWLES TOWING CO,, Inc.,
v.
GRAIN TRANSIT CORPORATION et al.
No. 432.
Circuit Court of Appeals, Second Circuit.
August 1, 1933.
*765 Stanley & Gidley, of Buffalo, N. Y. (Arthur E. Otten, of Buffalo, N. Y., of counsel), for libelant appellant.
Thomas A. McDonald, of New York City (Thomas A. McDonald and Franklin M. Depew, both of New York City, of counsel), for claimant and stipulator appellants.
Single & Hill, of New York City (Gregory S. Rivkins and Christopher E. Heckman, both of New York City, of counsel), for respondent impleaded, appellee.
Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.
AUGUSTUS N. HAND, Circuit Judge.
On July 31, 1929, the barge G. L. 40, while in tow, struck a guard gate abutment in the New York State Barge Canal at Medina, N. Y., and sank. At the time of the disaster the barge was covered by a policy of insurance in the amount of $6,500 issued by the Switzerland General Insurance Company of Zurich. The libelant raised the barge and towed her to a dry dock at Buffalo, N. Y., and thereafter brought this action in rem to recover for salvage services. In its answer the claimant denied liability, and alleged that the salvage services were performed on behalf and at the request of the Switzerland General Insurance Company. The claimant also filed a petition pursuant to rule 56 of the Supreme Court Admiralty Rules (28 US CA § 723) impleading the Insurance Company as a party respondent. The insurance company, in its answer to the libel and to the petition of the claimant, denied that it had requested the salvage services. As a separate defense it alleged that the claimant had not complied with certain requirements of the insurance policy, although the claimant's petition did not seek to establish liability on the policy, but relied solely on the alleged circumstance that the insurance company had requested the services. At the trial, the claimant presented evidence that the salvage services had been rendered at the request of a duly authorized agent of the insurance company, and also put in evidence the insurance policy. While the District Judge found both that the insurance was in effect at the time of the disaster and that authorized agents of the insurance company had requested the libelant to raise the barge, he awarded the libelant a decree against the barge alone, although he stated that "had the pleadings permitted, this court could have determined that impleaded respondent pay claimant-respondent the amount directed to be paid by claimant-respondent to libellant within the coverage of the policy as a liability secondary to that of claimant-respondent to libellant." Subsequently he denied the claimant's motion to amend the pleadings to conform to the proof so that the court might fix the liability as between the claimant and the respondent impleaded.
It is undisputed that the libelants are entitled to a decree for the amount awarded, and the only questions on this appeal are whether the decree should run against the insurance company as well as against the barge, and, if so, whether execution should go first against the barge or against the insurance company.
We think that the evidence sustains the District Court's finding that the insurance company employed certain agents to act in its interest as insurer in case of loss or damage occurring on the canal, and that such agents requested the libelant to perform the services in question. The insurance company had retained E. W. Holmes & Co., a firm of marine surveyors, to act for them during "the entire season" of 1929 under an agreement whereby the surveyors were "to take the necessary steps to protect" the insurer's "interest on the New York State Barge Canal." The libelant called as a witness William G. Fox, *766 who testified that during 1929 he was employed by E. W. Holmes & Co., and that, on being informed of the sinking of the G. L. 40 on July 31st of that year he had requested the libelant to salvage the barge. This testimony was uncontradicted. That these services were requested for the benefit of the insurer there can be no doubt. The barge was loaded with grain, and it was feared that, unless she was promptly raised, the grain might swell and burst the hull. In order to prevent a total loss of the barge and to minimize liability under the policy, agents of the insurer authorized the salvage. Clearly, therefore, the services were rendered at the request and for the benefit of the insurance company. Cf. Insurance Co. of North America v. Svendsen (C. C.) 77 F. 220.
Under these circumstances, we think that the insurers are directly liable to the libelants, and that the decree should be modified accordingly. It is well settled that a salvor's remedy in personam is not confined to the legal ownership of the property, but extends to one who has a direct pecuniary interest in its preservation. United States v. Cornell Steamboat Co., 202 U. S. 184, at page 193, 26 S. Ct. 648, 50 L. Ed. 987; Five Steel Barges, 15 P. D. 142; The Cargo ex Port Victor, (1901) P. D. 243; Duncan v. Dundee, Perth and London Shipping Co., 5 Scotch Sess. Cas. (4th Series) 742. Rule 19 of the old Admiralty Rules promulgated under the Act of August 23, 1842, c. 188, 5 Stat. 516, and later amendments (see Admiralty Rule 18 note [28 USCA § 723]), expressly provided that a suit in personam might be maintained against the party "at whose request and for whose benefit the salvage service has been performed." See United States v. Cornell Steamboat Co., 202 U. S. 184, at page 193, 26 S. Ct. 648, 50 L. Ed. 987; Baxter v. Heilner (D. C.) 38 F. 668; Hughes on Admiralty, p. 153. The scope of the remedy in personam is undoubtedly as broad under rule 18 of the Admiralty Rules now in force (28 USCA § 723), which sanctions an action in personam against "any party liable for the salvage service." Cross v. United States (D. C.) 8 F.(2d) 86. The insurer had a direct interest in the raising of the barge, requested the libelant to perform the service, and is therefore liable in an action in personam by the salvor to recover the value of the services. Chapman Derrick & W. Co. v. Providence-Washington Ins. Co. (D. C.) 68 F. 932; Merritt & Chapman Derrick & Wrecking Co. v. Chubb (C. C. A.) 113 F. 173; see The Sabine, 101 U. S. 384, at pages 387, 390, 25 L. Ed. 982.
There are no substantial procedural obstacles to this conclusion. It is true that under the old Admiralty Rule 19, which stated that "In all suits for salvage, the suit may be in rem against the property saved, or the proceeds thereof, or in personam against the party at whose request and for whose benefit the salvage service has been performed," actions for salvage in rem against the ship and in personam against the owners could not be joined in the same libel. The Sabine, 101 U. S. 384, 25 L. Ed. 982. See, also, The Number K1 (C. C. A.) 150 F. 111, at pages 112, 113. This rule was, as stated in The Sabine, supra, "expressed throughout in the disjunctive form." But rule 18 of the Admiralty Rules now in force states that "the suit may be in rem against the property saved, or the proceeds thereof, and/or in personam against any party liable for the salvage service." In The Tonawanda (D. C.) 278 F. 391, it was held that a similar modification of the language of former rules 14 and 15 (see Admiralty Rule 14 note [28 USCA § 723)], on being superseded by rule 14 of the present rules (28 USCA § 723), operated to permit a joinder of actions in rem and in personam in the same libel, although such a joinder might previously have been improper. Certainly it is difficult to see what other effect may be ascribed to the insertion of the conjunction "and." But this we do not need to decide, for the respondent made no objection at the trial to the joinder of actions in rem and in personam which resulted from the claimant's petition impleading the respondent, and any objection on the basis of misjoinder must be deemed waived. Merritt & Chapman Derrick & Wrecking Co. v. Chubb (C. C. A.) 113 F. 173; The Willamette (C. C. A.) 72 F. 79; The City of Carlisle (D. C.) 39 F. 807, at page 816, 5 L. R. A. 52; The Eliza Lines (C. C.) 61 F. 308, at page 324. Nor can there be any valid objection to a modification of the decree so as to impose direct liability on the respondent impleaded in favor of the libelant, even though the libel was filed only against the barge. In clause third of the libel it is alleged that the services were performed "upon the request of the duly appointed agent of the owner of * * * Canal Barge G. L. 40 and of the Underwriters of said barge." Therefore libelant's original pleading showed the very basis for liability on the part of the insurance company which is set forth in the petition impleading it, and *767 the evidence established such liability. An amendment to the libel so as to allege direct liability of the impleaded party is unnecessary, in view of the statement in Admiralty Rule 56 (28 USCA § 723) that after a party jointly liable has been impleaded, the suit "shall proceed as if such vessel or person had been originally proceeded against." Cuneo Importing Co. v. American Importing & T. Co. (C. C. A.) 247 F. 413; The Priscilla (C. C. A.) 55 F.(2d) 32, at page 40; Eastern Massachusetts Street Ry. Co. v. Transmarine Corp. (C. C. A.) 42 F.(2d) 58; The Vera (D. C.) 224 F. 998, at page 1012.
There remains the question of the order of liability as between the barge and the insurance company. If the latter is not liable to the owners of the barge on the insurance policy, clearly the barge should be held primarily liable for the services. The fact that the services were rendered at the request of the insurer does not relieve the barge of liability. The Camanche, 8 Wall. 448, 19 L. Ed. 397; The Leonie O. Louise (C. C. A.) 4 F.(2d) 699. The only benefit the insurer could derive from salvage of the barge was diminution of its liability under the policy. The owners of the barge have not abandoned her, and, apart from any question of liability under the policy, have received the full benefit of the salvage services. Unless the insurer is bound to indemnify the owners under the policy for liability incurred to the salvors, the barge is primarily liable. So far as the decision in Merritt & Chapman Derrick & Wrecking Co. v. Chubb (C. C. A.) 113 F. 173, is in conflict with this conclusion, it is not in harmony with The Camanche, 8 Wall. at page 477, 19 L. Ed. 397.
But the claimant, although it did not rely on the insurance policy in its petition impleading the respondent, and only alleged as a ground of recovery against it that it had requested the services on its own account, now seeks to impose primary liability on the latter on the ground that the policy covered the services in question. We do not, however, think that liability of the insurance company to the claimant under the policy is shown longer to exist. It is conceded that the policy has been satisfied to the extent of $6,375.58, and that its total coverage is only $6,500, so that at most the liability over of the insurance company would be $124.42. Furthermore, the policy provides for the submission of all controversies thereunder to arbitration, and likewise provides that failure to demand arbitration within twelve months after the accident giving rise to the controversy shall bar the claim. No reason has been suggested why these clauses are not effective, and it is now nearly four years since the loss occurred and during that time no arbitration of any controversy under the policy as to liability for salvage has been had or sought.
In accordance with the foregoing conclusions, the order of the District Court dismissing the petition of the Grain Transit Corporation against the Switzerland General Insurance Company is reversed, and the decree in favor of the libelant is modified by directing that the libelant recover from the respondent impleaded the sum awarded by the District Court, payable primarily by the barge and secondarily by the respondent impleaded.