Stanley S. FRANKEL, Plaintiff,

v.

DRAVO CORPORATION, Defendant.

Civ. A. No. 78–1851.

United States District Court,
District of Columbia.

April 17, 1979.

Harvey Katz, Washington, D. C., for plaintiff.

Richard V. Dymond, Dymond & Lawley, Gulfport, Miss., Michael J. Conlon, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This is an admiralty action involving a claim for a salvage award for services allegedly performed by Plaintiff in rescuing the barge ARLINGTON on January 26, 1978. Plaintiff and Defendant have cross-moved for Summary Judgment. Upon consideration of these Motions, the Oppositions thereto, and the entire record herein, for the reasons discussed below, this Court shall grant Summary Judgment for Defendant on Count One of the Amended Complaint, and shall deny the Motions for Summary Judgment in all other respects.

It is undisputed that the ARLINGTON was built in 1965 by Dravo Corporation for Potomac Sand & Gravel Company, and title to the barge remained in Potomac until November, 1977, at which time a sale was effected to Boat, River and Canal, Inc., for the sum of Four Hundred Thousand Dollars ($400,000) of which One Hundred Thousand Dollars ($100,000) was paid in cash and Three Hundred Thousand Dollars ($300,000) was paid by a note secured by a mortgage on the ARLINGTON. Dravo Corporation owns one hundred percent (100%) of Dravo Leasing Company and eighty percent (80%) of Potomac. Neither Dravo Leasing nor Potomac has an office independent of that of Dravo, and neither company has any paid employees independent of those of Dravo. Dravo consistently disregarded the separateness of Dravo, Dravo Leasing, and Potomac during the sale and financing arrangements involving the ARLINGTON. The Court finds that justice requires that Dravo not now be permitted to deny any liability by asserting corporate separateness. However, it is also clear that, at the time of the alleged salvage, neither Dravo, Dravo Leasing, nor Potomac owned the ARLINGTON. Therefore, Count One of the Amended Complaint is hereby dismissed.

Count Two of the Amended Complaint asserts that Dravo has a direct pecuniary interest in the preservation of the ARLINGTON by virtue of its mortgage interest, and that therefore Defendant is obligated to Plaintiff in personam for an award for salvage services.

■ The Court in *The G.L. 40*, 66 F.2d 764, 766 (2d Cir. 1933), stated, "It is well settled that a salvor's remedy in personam is not confined to the legal ownership of the property, but extends to one who has a direct pecuniary interest in its preservation." Defendant's mortgage interest is "a direct pecuniary interest." *See United States v. Cornell Steamboat Company,* 202 U.S. 184, 26 S.Ct. 648, 50 L.Ed. 987 (1905).

Defendant seeks to distinguish *Cornell* and *The G.L. 40* from the instant action on the ground that in those cases, had the salvage not occurred, the party with a pecuniary interest would have had to pay out money, while in this case the mortgagee would only have lost the security on its note while retaining the right to proceed on the note itself, and would not have had to pay out any money. The caselaw does not permit such an illogical distinction to be drawn.

■ Therefore, if Plaintiff establishes at trial that salvage services were indeed rendered, then Dravo, as mortgagee, will be held liable for a salvage award. This is so whether or not Defendant requested the salvage services be performed.

■ However, it should be noted that, even if salvage services were indeed rendered by Plaintiff, Defendant Dravo may be held liable only for a percentage of the value of the benefit *it received* and not for a percentage of the entire value of the barge. *See* Gilmore & Black, *The Law of Admiralty* 574 (2d ed. 1975). For example, in *Cornell,* the United States was only held liable for a percentage of the duties collected, rather than for a percentage of the entire value of the lighter. In the instant action, Dravo was benefited by the salvage only to the extent that its security for the note might otherwise have been lost.

Therefore, three factual issues remain to be determined with regard to Count Two of the Amended Complaint: (1) whether any salvage services were performed, (2) what was the value of Defendant's interest in the barge, and (3) what percentage of Dravo's

interest should be awarded to Plaintiff for his salvage services.

Count Three of the Amended Complaint also must await trial for resolution. That Count alleges that Defendant undertook to preserve and protect the ARLINGTON for her legal owners, that Defendant failed to adequately secure the barge in violation of its duties, and that the salvage services allegedly rendered by Plaintiff were directly and proximately made necessary by Defendant's negligence. This theory does not rest on Defendant having any direct pecuniary interest in the ARLINGTON, and, should Plaintiff establish liability under Count Three, Dravo would then be liable for a percentage of the entire value of the barge. *See People of the Living God v. Star Towing Company,* 298 F.Supp. 635 (E.D.La.1968).

Defendant Dravo has also filed a Motion to Substitute Boat, River and Canal, Inc. as Real Party Defendant in Place of Dravo. For the reasons discussed above, Dravo is a proper Defendant in this action, and the Motion to Substitute shall be denied.

Therefore, it is by the Court this 17th day of April, 1979,

ORDERED, that Defendant's Motion for Summary Judgment is hereby GRANTED in part and DENIED in part; and it is

FURTHER ORDERED, that Plaintiff's Motion for Summary Judgment is hereby DENIED; and it is

FURTHER ORDERED, that Count One of the Complaint is hereby DISMISSED; and it is

FURTHER ORDERED, that Defendant's Motion to Substitute Boat, River and Canal, Inc. as Real Party Defendant in Place of Dravo is hereby DENIED; and it is

FURTHER ORDERED, that Pretrial in this action is hereby scheduled before Magistrate Lawrence S. Margolis at 10:00 a. m. on May 4, 1979; and it is

FURTHER ORDERED, that Trial in this action is hereby scheduled to begin June 13, 1979, at 9:30 a. m., in Courtroom Number Nine of the United States District Court for the District of Columbia.