## AGROS CORPORATION v. UNITED STATES.

(District Court, S. D. New York. October 11, 1922.)

Admiralty ⊕⇒26—Suits in Admiralty Act not limited to suits in nature of in rem.

Suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), considered with sections 3, 6 (Comp. St. Ann. Supp. 1923, §§ 1251¼b, 1251¼e), and in view of history of act in Congress, held to allow suits against the United States in the nature of in personam, as well as in the nature of in rem.

In Admiralty. Libel by the Agros Corporation against the United States. Exceptions to interrogatories overruled.

Sur respondent's exceptions to a libel in the Admiralty. The case raises only one question: Whether under the Act of March 9, 1920 (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l), a libelant may sue the United States in personam upon a maritime claim which would be cognizable by an admiralty court between private persons, or whether that act is limited to suits in rem. The question arises upon exceptions to in-

terrogatories annexed to the libel and designed to draw out the relation of the United States to the vessel; i. e., whether there was a personal obligation of the United States from her failure to perform a contract of carriage.

Horace M. Gray, of New York City, for exceptions.

Russell T. Mount, of New York City, opposed.

LEARNED HAND, District Judge. I think that it is impossible to read the Suits in Admiralty Act (March 9, 1920) without concluding that Congress intended to provide for suits which are in the nature of in personam as well as in rem. In the first place, although the statute is drawn by persons entirely familiar with the usages and terms of the admiralty, section 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), which confers the right, speaks, not of a libel in rem, which was the natural phrase if the respondent be right, but of "a proceeding in admiralty." Whenever such a proceeding "could be maintained," if the "vessel were privately owned or operated," "a libel in personam may be brought." The statute appears, therefore, to speak sub specie generale.

The history of the act strongly corroborates this conclusion, as will appear in a moment. Furthermore, even if section 1 (Comp. St. Ann. Supp. 1923, § 1251¼), which enacts that the remedy in personam is to be a substitute for the right given by the Act of 1916 to arrest United States ships, raises a doubt upon this interpretation, the later sections lay it. Thus in section 3 (Comp. St. Ann. Supp. 1923, § 1251¼b) the libelant may elect to proceed with his libel as in rem, if there be a lien, though, of course, without arrest. What can such an election be, if he have only that right? This is not even left to implication, because his election is not to deprive him "from seeking relief in personam in the same suit." "In personam" does not refer to the form of the libel, since that must be "in personam" anyway, all arrests being forbidden. It seems hardly necessary to argue that it refers to relief which could be given in personam against a private person, and thus necessarily presupposes that such relief is open to any libelant in a proper case.

Finally, section 6 (Comp. St. Ann. Supp. 1923, § 1251¼e) grants the same "exemptions" and "limitations of liability" to the United States as to private owners. Allowing that "exemptions" is an indefinite word, "limitations of liability" can scarcely mean anything but the limitation which has been given to shipowners for 70 years. It applies necessarily to rights in personam, and, since the act is technically drafted, would have been quite meaningless, unless suits in personam had been understood to be included.

The respondent's argument is plausible, based upon the main purpose of the act, i. e., to create a substitute for the earlier right of arrest, and this is reinforced by the reports of the legislative committees. However, there appears to me a conclusive answer to any such argument in the history of the act in Congress. The original draft of section 2 read as follows: "The United States * * * may be sued in personam * * * in those cases where, if the United States were suable as a private party, a suit in personam could be maintained, or where, if a vessel or cargo were privately owned and possessed, a libel in rem could be maintained and the vessel or cargo could be arrested or attached at the commencement of the suit."

Thus it appears that the final form of section 2—i. e., "a proceeding in admiralty"—was a substitute for an express grant of jurisdiction as well over suits in personam as over suits in rem. Now it seems to me flatly impossible to suppose that, when Congress made the change from the enumeration of these two kinds of suits to a general phrase fitted to include both, it intended to cover only one of the two enumerated. Having shown its prior purpose specifically to include both, and having finally selected less cumbersome language naturally including both, how can it be argued that it meant to cover only one which it had shown that it knew how to express accurately when it chose?

While the case is of first impression, so far as any judicial intimations have gone, they are in accord. Middleton & Co. v. U. S. (1921; D. C.) 273 F. 199, 200, 201; Blamberg Bros. v. U. S. (1921; D. C.) 272 F. 988, 979, affirmed by Supreme Court 1923 A. M. C. 50, 260 U. S. 452, 43 S. Ct. 179, 67 L. Ed. 346.

The exceptions to the interrogatories are overruled; the other exceptions were disposed of at the argument.