## MIDDLETON & CO. v. UNITED STATES.

(District Court, E. D. South Carolina.   May 19, 1921.)

Courts ⊂⟩271, 274—Suit by alien or foreign corporation against United States may be brought in any district.

Under Act March 9, 1920, providing for suits in admiralty against vessels of the United States, and that an election to proceed in rem shall not preclude the libelant from obtaining relief in personam in the same suit, the provision of section 2, that "such suits shall be brought in the District Court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found," does not apply to a suit by an alien or a foreign corporation having no place of business in the United States, in which case the libelant may be considered, for the purposes of the suit, to reside in any district.

In Admiralty.   Suit by Middleton & Co., for themselves and as agents for the Teikoku Menkwa Kabushiki Kaisha, a Japanese corpora-

tion, against the United States. On motion to dismiss libel for want of jurisdiction. Denied.

E. Willoughby Middleton, and Miller, Huger, Wilbur & Miller, all of Charleston, S. C., for libelants.

J. Frank Staley, Sp. Asst. Atty. Gen., of Washington, D. C., and J. Waties Waring, Asst. Dist. Atty., of Charleston, S. C.

SMITH, District Judge. The libel in this case was filed in this court on the 25th of February, 1921, by Middleton & Co., for themselves and as agents for and on behalf of Teikoku Menkwa Kabushiki Kaisha, a Japanese corporation. The answer has been filed to the libel, and a motion has now been made, on behalf of the United States, upon the face of the libel and answer and the statements in the affidavit of Charles F. Middleton, filed May 18, 1921, styled "Jurisdictional Question Supporting Affidavit," to dismiss the libel for want of jurisdiction.

The libel is filed under the terms of the act of Congress approved March 9, 1920 (41 Stat. 525), styled:

"An act authorizing suits against the United States in admiralty, suits for salvage services, and providing for the release of merchant vessels belonging to the United States from arrest and attachment in foreign jurisdictions and for other purposes."

The motion to dismiss is made upon the ground that it is provided in section 2 of said act that the suits thereby permitted must be brought in the District Court of the United States for the district in which the parties so suing or any of them reside, or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found.

The motion to dismiss is based upon the ground that the only real party in interest stated as libelant is the Japanese corporation, and as that corporation is not a resident, and has no place of business in any district of the United States, and certainly not in the Eastern district of South Carolina, any suit must be brought in the district in which the vessel or cargo charged with liability is found. It is claimed in addition that, the libelants having expressly declared in the libel that they elected that the suit should proceed in accordance with the principles of libels in rem, the suit in such case can only be brought in a district in which, if the suit had been brought in rem, the vessel could have been seized, and as none of the vessels mentioned in the libel as being responsible for the damages claimed in the libel are within the district of South Carolina, suit could only be brought, if brought in rem, in some district in which the vessel could be seized.

The bill of lading attached to the libel, which is the contract constituting the basis of the rights claimed in this case, is executed by the American Shipping Corporation, signing as agents for the owners, to wit, the United States. Neither the character, location, or place of residence of this corporation is alleged in the libel, nor the existence of its agency to bind the United States, which, under the allegations of the libel, was the owner of the ships mentioned. If duly authorized to bind the United States, then a suit could be brought under the contract by

means of a libel either in personam or in rem, under the provisions of the second section of the act mentioned.

In this case the libelants have expressly elected that the suit shall proceed as if it were a proceeding in rem. At the same time, by section 3 of the act, it is provided that an election so to proceed shall not preclude the libelants in any proper case from seeking relief in personam in the same suit. If Middleton & Co. have any interest under the libel, then, as they reside and have their principal place of business in the Eastern district of South Carolina, the libel is well filed in that district, and it may be that that should be determined by the claim of the libelant, notwithstanding the ultimate decision may be against such claim.

Assuming, however, that the Japanese corporation is the party alone interested, then, inasmuch as it neither resides nor has any principal place of business in any district in the United States, it would be impossible for it to sue, under the construction placed upon the act by the counsel for the government, in any district in the United States, save one in which the vessels might be found. If no vessel can be found within the United States, then no matter how meritorious the claim of the alien may be, whether in rem or in personam, it would be impossible for him to sue.

This would not appear to be in accordance with the intention of the statute. Under the principles to be deduced from preceding decisions of the federal courts in analogous cases, it would appear that, where the provision of the act is that the suit must be brought in the district of the residence of one of the parties, then in the case of an alien defendant such restriction does not apply, as that would mean that, unless the alien sued should be found capable of service in the district of the residence of the citizen desiring to sue him, he could not be sued at all. The principle would seem to be that an alien may be considered for the purposes of jurisdiction, if he enters the United States, or is brought into it, for the purposes of suit, to reside in any district.

If this is a proceeding in personam, brought on behalf of the Japanese corporation alone, an alien corporation, under the principles of these decisions it would appear that it could sue in any district in the United States.

Again, the language of the act is that the suit shall be brought in the District Court for the district in which the parties so suing, or any of them, reside. If Middleton & Co. are authorized to sue on behalf of the Japanese corporation, it would seem that they are the parties suing, although they may be suing on behalf of the Japanese corporation.

The motion to dismiss for want of jurisdiction is accordingly refused, but without prejudice to the defendant to renew it at the trial upon the testimony submitted to the court.

At the same time, leave is hereby given to the libelants, if they see fit, within five (5) days from the date of this order, to amend their libel so as by proper allegations to make it a proceeding in personam as well as in rem, serving within the time limited a copy of the libel in full as amended upon the United States Attorney for this district.