## THE ELMAC.

## GALBAN LOBO & CO., S. A., v. UNITED STATES.

(District Court, S. D. New York. June 26, 1922.)

No. 772.

**1. Admiralty ⊜⟹32—Jurisdiction under Suits in Admiralty Act; "charged with liability."**

A suit against the United States cannot be maintained under Suits in Admiralty Act March 9, 1920, § 2, by a nonresident alien having no place of business in the United States, where the cause of action alleged would not support a suit in rem, and in this connection "charged with liability" does not mean "attachable by foreign process," but charged with a maritime lien.

**2. Shipping ⊜⟹3½, New, vol. 8A Key-No. Series—Suit may be maintained against United States on cause of action in personam under Suits in Admiralty Act.**

Under Suits in Admiralty Act March 9, 1920, § 3, a suit against the United States will lie on a cause of action in personam for damages arising out of its operation of merchant vessels.

**3. Shipping ⊜⟹51—Right of action for damages arising out of breach of charter not abandoned by cancellation of charter party.**

Cancellation of a charter party by the charterer because of failure to have the vessel ready to receive cargo is not an abandonment of a claim for damages arising from expenditures for lighterage made necessary by the breach of contract.

In Admiralty. Suit by Galban Lobo & Company, S. A., against the United States, as owner of steamship Elmac. On exceptions to libel. Sustained in part.

Everett, Clarke & Benedict, of New York City, for libelant.

William Hayward, U. S. Atty., of New York City (John Kennedy White, of Buffalo, N. Y., of counsel), for the United States.

AUGUSTUS N. HAND, District Judge. [1] This is a suit in admiralty in personam for damages flowing out of a breach of a charter party. It is brought against the United States under the so-called Suits in Admiralty Act (41 Stat. 525). The respondent has filed exceptions upon the ground that the party suing does not reside or have its principal place of business in the United States. The libelant is a Cuban corporation, and is not alleged to reside or have its principal place of business in this country. This, in my opinion, is a fatal objection to the suit, which is purely statutory, and must conform to statutory requirements. The contrary opinion was expressed in the case of Middleton & Co. v. United States (D. C.) 273 Fed. 199; but there the suit was in the name of a resident agent, and I cannot understand how the fact that a nonresident alien, having no place of business in the country, cannot take advantage of the statute, unless the provision as to venue is disregarded, can justify a disregard of its requirements. The clause in the statute (section 2) permitting suit to be brought in the district in which the vessel "charged with liability is found" is also unavailing. While the Elmac was in this port at the time the libel was filed, there could be no liability in rem in such

a case as this for libelant's merchandise was never placed on board the vessel (The Saturnus, 250 Fed. 407, 162 C. C. A. 477, 3 A. L. R. 1877), and the charter was canceled by libelant pursuant to its terms, because the Elmac was not in readiness to receive it. I think "charged with liability" does not mean "attachable by foreign process," but charged with a maritime lien.

The first, fourth, and fifth exceptions to the libel are sustained, because the suit is not brought in the district where the party suing resides or has its principal place of business. The second exception is sustained, because no lien is set forth against the steamship Elmac, though she was within the jurisdiction when the libel was filed

[2] I think the words in section 3 of the Act of March 9, 1920, "election so to proceed" (that is to proceed in accordance with the principles of libels in rem) "shall not preclude the libelant in any proper case from seeking relief in personam in the same suit," indicate that causes of action in personam will lie against the United States arising out of its operation of merchant vessels, and that this cause of action would lie if it had been brought in a district allowed by the statute.

[3] Nor do I regard the cancellation of the charter party as an abandonment of libelant's claim for damages arising from its expenditures for lighterage, rendered necessary by failure to have the Elmac in readiness to receive the cargo. Farrelly v. United States, 159 Fed. 671, 86 C. C. A. 539.

The third exception is overruled, because the facts set forth constitute a cause of action. The libel is dismissed, with leave to file an amended libel within 20 days.