### ALSBERG v. UNITED STATES.

### DALZELL v. SAME.

(District Court, S. D. New York. September 15, 1922.)

Admiralty ⟨⟩⟩32—When vessel of United States, or corporation of which it owns stock, is within the United States, suit need not be brought in district where vessel found.

Under Suits in Admiralty Act March 9, 1920, authorizing libels in personam against the United States, or any corporation whose capital stock it owns, in cases where a proceeding in admiralty could be maintained if the vessel were privately owned or operated, the libel is not maintainable if the vessel is not within any jurisdiction in the United States, but, if it is anywhere within the jurisdiction of the United States, the venue is not limited to the district in which the vessel may be found, though, if

---

⟨⟩⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the vessel were privately owned, a suit in personam only could be maintained.

In Admiralty. Proceedings by Herman W. Alsberg and by W. Freeland Dalzell against the United States. On exceptions. Exceptions overruled.

Bigham, Englar & Jones, of New York City (L. J. Matteson, of New York City, of counsel), for libelant Alsberg.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and Frederick Pennell, both of New York City, of counsel), for libelant Dalzell.

William Hayward, U. S. Atty., of New York City (Horace M. Gray, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

MACK, Circuit Judge. 1. In the light of the decision of the Supreme Court in U. S. v. Pfitsch, 256 U. S. 547, 41 Sup. Ct. 569, 65 L. Ed. 1084, it would seem that the Suits in Admiralty Act of March 9, 1920 (41 Stat. 525), gave exclusive jurisdiction to the District Courts of the United States of proceedings against the United States as owner of a merchant vessel directly or through a corporation in which it owned the entire stock, in those circumstances in which, if such vessel were privately owned, an admiralty proceeding could be maintained.

2. The question in these cases is whether, under this act, a proceeding in admiralty may be brought against the government in a district other than that in which the vessel is found, under circumstances under which the vessel, if privately owned, would be liable in rem, though the owner would not be liable in personam.

Judge Rose, in Blamberg Bros. v. U. S. (D. C.) 272 Fed. 978,[1] has held, and in my judgment correctly, that if at the time the proceeding is brought the vessel is not within any jurisdiction in the United States, the libel is not maintainable. The reason is not that the vessel is free from liability, but that, when neither a privately owned vessel nor its owner could be sued in any court of the United States, the act should not be construed, in the absence of express provision, to subject the United States to suit under similar circumstances.

But if, at the time the proceeding under the act is brought, the vessel is anywhere within the jurisdiction of the United States, so that, if privately owned, a proceeding in admiralty would be maintainable against it in some District Court, I can see no reason for interpreting the clear language of the act so as to limit the venue in a suit against the United States to the District Court of the jurisdiction in which the vessel may then be found.

The very unusual provisions in the act for a transfer of the case to any district within the country that the court may deem proper is to my mind a clear indication that the venue provisions are to be most liberally, and not most strictly, construed.

Even if as a matter of comity I did not feel bound to follow the de-

---

[1] Affirmed 43 Sup. Ct. 179, 67 L. Ed. ——.

cision of Judge Hand overruling a similar exception in the case of the Eagle Oil Transport Co. v. U. S., October 28, 1921 (no opinion filed), I should independently reach the same conclusion.

Exceptions overruled.