## AXTELL v. UNITED STATES.

(District Court, E. D. New York. September 20, 1922.)

Admiralty ⬥⇒32—Suit for wrongful death on high seas must be in district where vessel is found.

    A suit against the United States, as shipowner, for wrongful death on the high seas, under Suits in Admiralty Act March 30, 1920 (41 Stat. 537), can be maintained only in the district where the ship is found.

In Admiralty. Suit by Lucian V. Axtell, as administrator of the estate of Cornelius L. Verhoef, deceased, against the United States. On exceptions to libel. Exceptions sustained.

Silas B. Axtell, of New York City, for libelant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Horace M. Gray, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

GARVIN, District Judge. This is a hearing on exceptions to an amended libel. The libelant has brought an action in admiralty as administrator of the goods, chattels, and credits of Cornelius L. Verhoef, deceased, setting forth that the latter was an able seaman on the steamship Balosaro, owned by the respondent; that while in the discharge of his duties as such able seaman, and while in the employ of the respondent, he sustained injuries which resulted in his death; that these injuries were caused by reason of the negligence of respondent and of the officers and seamen in command of said vessel, and by reason of the defective condition of a winch (in which he was caught) and of the appliances attached thereto, which rendered the ship unseaworthy.

The respondent contends that the amended libel does not allege that, at the time the same was filed, the ship was found within this district. This defect is fatal. Blamberg Bros. v. U. S. (D. C.) 272 Fed. 978.

The respondent also asserts that there is no allegation that the injuries and death occurred upon the high seas, and the libelant concedes in his brief that in this the amended libel is technically defective.

Therefore the third exception is sustained, with leave, however, to file an amended libel within 20 days, which amended libel should also correct the technical defect conceded by libelant.

As the respondent does not press the other exceptions, they are overruled.