## CROSS et al. v. UNITED STATES.

(District Court, S. D. New York. March 23, 1923.)

**1. Admiralty ⚖➔27—Libel in personam against government independent of lien.**

Libel in personam for salvage lies against the government, independent of any lien on the goods salvaged.

**2. Salvage ⚖➔43—Libel in personam for salvage against person for whose benefit services performed.**

Present admiralty rule 18, allowing suit for salvage in personam against any party liable for salvage service, does not change former admiralty rule 19, allowing such suit against the person at whose request or for whose benefit the salvage services were performed.

**3. Admiralty ⚖➔26—Election in libel whether or not to proceed in accordance with principles of libel in rem unnecessary.**

If libel is good in any aspect, it should not be dismissed, though libelant has not chosen to elect therein whether suit was "to proceed in accordance with the principles of a libel in rem" or not, under Suits in Admiralty Act, § 3 (Comp. St. Ann. Supp. 1923, § 1251¼b).

**4. Admiralty ⚖➔26—In case of right in personam against United States, libel in personam authorized.**

Suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), is not intended to give a remedy only where there is a maritime lien, but authorizes a libel in personam where there is a right in personam against the United States.

**5. Admiralty ⚖➔40—Ship need not be in United States, in case of libel in personam against United States on right in personam.**

For a libel in personam, under Suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), against the United States, where there is right in personam against it, the vessel need not be in the waters of the district or of the United States.

In Admiralty. Libel by Frank Cross and others against the United States. On exceptions to libel. Exceptions overruled.

The libel alleges that the steamship Faraby was owned by the United States and was and still is employed as a merchant vessel; that she is now within or about to come within the admiralty jurisdiction of this court. It then sets up facts showing the performance of alleged salvage services by the libelants, the crew of the steamer Hickman, in towing the Faraby from the Azores to the port of New York. The question raised by the exceptions is whether this is a case within section 2 of the Act of March 9, 1920, known as the Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, § 1251¼a). The respondent claims that, as there is no allegation that the ship is within the District Court, no libel

in rem could be maintained against it. The libelants answer that under the eighteenth admiralty rule the libel for salvage lies in personam against the person liable.

Silas B. Axtell, of New York City, for libelant.

William Hayward, of New York City, (Walter Schaffner, Sp. Asst. U. S. Atty., of New York City, in Admiralty, of counsel), for the United States.

GODDARD, District Judge. [1, 2] A libel in personam lies against the government for salvage, quite independent of any lien upon the goods salvaged. U. S. v. Cornell S. S. Co., 202 U. S. 184, 26 S. Ct. 648, 50 L. Ed. 987. The present rule 18 is not to be understood as changing the former rule 19, which enacted that a libel in personam would lie "against the person at whose request or for whose benefit salvage services were performed." These services were performed for the benefit of the United States, even though not at its request. Therefore the absence in the libel of any statement that the United States was operating the vessel is of no consequence.

[3-5] The question then comes to this: Whether a libel in personam lies against the United States, although the vessel is not alleged to be within its borders. It is now settled by the Supreme Court in the case of Blamberg v. U. S., 260 U. S. 452, 43 S. Ct. 179, 67 L. Ed. 346, decided January 2, 1923, that no libel in rem lies against such a vessel. In The Isonomia, 285 F. 518, the Circuit Court of Appeals for this circuit held that a libel in rem would not even lie against a vessel which was not within the jurisdictional waters of the district in which the libel was filed at the time of filing. If this were a libel in rem for salvage, it would not therefore lie. The libelant has not chosen to elect in his libel whether the suit was "to proceed in accordance with the principles of a libel in rem" or not, under section 3 of the Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, § 1251¼b), but I do not think that necessary. If his libel is good in any aspect, it ought not to be dismissed. In The Isonomia, supra, it was distinctly said that a libel in personam was authorized by the Suits in Admiralty Act, and that it could be brought in any district where the libelant resided, and this libel alleges that the libelants reside in the district. It is open to some doubt whether the language of Mr. Chief Justice Taft in Blamburg v. U. S. did not mean to confine all

remedies under the act to cases in which a libel in rem would lie, but the language of The Isonomia is to the contrary. It cannot be the rule that a libel in personam only lies in case the vessel is within the borders of the United States, although the libel in rem does not lie unless she is within the waters of the district. The Isonomia means that in cases of libels in personam, which would not between individuals require the presence of the vessel anyway, a libel may be filed in the district of the libelant's residence. The only escape from this result would be in case it were held that the Suits in Admiralty Act was intended to give no remedy except in cases where there was a maritime lien. The contrary was distinctly held in The Isonomia, and is certainly not distinctly overruled in Blamberg v. U. S.

Therefore I hold that, where there is a right in personam against the United States, it is not necessary that the vessel should be either in the waters of the district or in waters of the United States, since the libel in personam does not require the presence of the vessel at all.

Exceptions overruled.