## NAHMEH v. UNITED STATES.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

No. 157. Argued January 6, 1925.—Decided March 2, 1925.

1. Under the Suits in Admiralty Act, suit against the United States may be brought in the district where the libelant resides, as well

as in that where the vessel is found, even though it would have been a suit *in rem* if involving only private parties.   P. 125.

2. The language in this regard (§ 2 of Act) should be accorded its broad and ordinary meaning and not be interpreted in a restricted and distributive sense.   *Id.*

Reversed.

APPEAL from a decree of the District Court dismissing a libel for want of jurisdiction, as brought in the wrong district.

Mr. *Silas Blake Axtell* for appellant.

Mr. *J. Frank Staley,* Special Assistant to the Attorney General, with whom Mr. *Solicitor General Beck* was on the brief, for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

William Nahmeh, employed as a fireman on the steamship Quinnipiac, was injured August 3, 1920, in the performance of his duties.   One of his legs had to be amputated.   To recover for this injury, he filed a libel on March 30, 1922, against the United States as owner of the Quinnipiac, under the Suits in Admiralty Act of March 9, 1920, ch. 95, 41 St. 525, in the United States District Court for the Eastern District of New York where he lived.   The steamship Quinnipiac was then in the Southern District of New York.   The United States appeared specially and excepted, on the ground that the libel did not show that the steamship was at the date of the filing of the libel within the Eastern District of New York, and there was no jurisdiction.   December 20, 1922, the appellant made a motion before the District Court for the Eastern District for an order removing the cause to the Southern District.   The District Court denied the motion to transfer the cause, and, under a decision of the Court of Appeals for the Second Circuit, in the *Isonomia,* 285 Fed. 516, that the only district in which such a suit

could be brought was where the vessel was, dismissed it for want of jurisdiction.

The Suits in Admiralty Act was passed to provide a suit *in personam* in lieu of the previous unlimited right of suitors to libel merchant vessels belonging to the United States Government *in rem* in the ports of the United States and in its possessions—a right which had proved objectionable. Section 2 and Section 3 of the Act indicate the District Courts in which suits under the Act were thereafter to be brought. The relevant parts of those sections are as follows:

"Section 2. That in cases where if such vessel were privately owned or operated, or if such cargo were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States or against such corporation, as the case may be, provided that such vessel is employed as a merchant vessel or is a tug boat operated by such corporation. Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found . . . upon application of either party the cause may, in the discretion of the court, be transferred to any other district court of the United States.

"Section 3. If the libellant so elects in his libel the suit may proceed in accordance with the principles of libels in rem whenever it shall appear that had the vessel or cargo been privately owned and possessed a libel in rem might have been maintained. Election so to proceed shall not preclude the libellant in any proper case from seeking relief in personam in the same suit."

We held in the case of *Blamberg Brothers* v. *United States*, 260 U. S. 452, that the Act did not authorize a

suit *in personam* against the United States as a substitute for a libel *in rem,* when a United States vessel was not in a port of the United States or in one of her possessions at the time of filing the libel; that Congress had no power to grant immunity from seizure in respect to such vessels when in foreign ports, and did not intend to do so. There has been a difference of opinion, however, with reference to the meaning of the provision as to jurisdiction in Section 2, relating to vessels within the jurisdiction of the United States. The Circuit Court of Appeals of the Second Circuit in the *Isonomia* case construed Section 2, strictly so far as it provides for jurisdiction, because it depends on the statutory consent of the United States. The court, therefore, came to the conclusion that the language fixing three places of jurisdiction under the Act, should not be held to be cumulative but should be applied distributively, and that the provision by which the suits might be brought in the district where the vessel charged with the liability was found should be held to give the only place for jurisdiction in a suit *in personam* against the United States which was substituted by the Act for a suit against the vessel *in rem.* This same view was held by the District Court in *Galban Lobó & Company* v. *United States,* 285 Fed. 665, and in *Axtell* v. *United States,* 286 Fed. 165. A different view was taken in a District Court of South Carolina in *Middleton & Company* v. *United States,* 273 Fed. 199, and in *Alsberg* v. *United States,* 285 Fed. 573, in the Southern District of New York.

The opinion in the *Isonomia* case was carefully prepared, but we think that the rule as to a strict construction of the language of statutes providing for suits against the United States was there carried too far. In taking away what was then the law, namely the right of claimants to sue merchant vessels of the United States as if they were private vessels, Congress was evidently anxious

to consult the convenience of intending libellants as far as it could, and as the United States was present everywhere in the United States, it named as the proper place for suit either the place of the residence of the parties suing, or of any one of them, or their principal place of business, or where the vessel or cargo charged with liability was found. It further expressly provided that those which would have been under the prior act causes of action *in rem* might be united with those *in personam*. To avoid any difficulty in bringing needed parties into the same suit it directed that the cause might be transferred in the discretion of the court to any other District Court in the United States. These liberal provisions indicate that the language used in the section should have its broad and ordinary meaning and should not be interpreted in a restricted and distributive sense. We think, therefore, that the suit brought in the district where the libellant resided was a suit brought in accordance with Section 2, even though it would have been an action *in rem* between private parties, and that it made no difference where the vessel then was, provided only that it was within the jurisdiction of the United States. The decree of the court below must, therefore, be reversed, and the cause remanded to the District Court for further proceedings.

*Reversed.*