## MARKLE et al. v. UNITED STATES.

(District Court, S. D. Texas, Houston Division. August 1, 1925.)

No. 83.

**1. Admiralty ⟨⟩40—Presence of ship in United States necessary for suit in nature of in rem against United States.**

Under Suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), for suit in nature of in rem to be maintained in personam against the United States, the ship must be in part of United States or one of its possessions.

**2. Admiralty ⟨⟩26—Suit purely in personam against United States authorized, where in personam cause of action.**

Suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), permits suit purely in personam, rather than one in lieu of in rem proceeding against the United States, where there is both a cause of action in personam and one in rem.

**3. Admiralty ⟨⟩40—Presence of ship in United States necessary for in personam suit against United States.**

Under Suits in Admiralty Act, § 2 (Comp. St. Ann. Supp. 1923, § 1251¼a), for purely in personam suit against the United States, the ship must be within the United States.

Lockhart, Hughes, Lockhart & Rayzor, of Galveston, Tex., and Fouts & Patterson, of Houston, Tex., for plaintiffs.

Franklin & Blankenbecker, of Houston, Tex., for the United States.

HUTCHESON, District Judge. This is a libel in personam, brought under the Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l), to recover damages for breach of contract to carry safely, as provided in the bill of lading, libelant alleges: (1) That the steamship Gaffney was owned by the United States and employed as a merchant vessel; (2) that the steamship Gaffney was within the jurisdiction of the United States, being upon the high seas and bound for a port in the United States; and (3) that in 1922 the United States contracted, through its duly authorized agents, to carry safely the cargo made the subject of this suit, and that it failed to comply with its contract, the cargo arriving in bad condition.

[1] The respondent, invoking Blamberg Bros. v. United States, 260 U. S. 452, 43 S. Ct. 179, 67 L. Ed. 346, and the Isonomia (C. C. A.) 285 F. 516, challenges the jurisdiction of the court, because the vessel was not within the jurisdiction of this or any other court of the United States. Libelant, while admitting, for the purposes of this suit, the binding force of the Blamberg Case, asserts that it is without application, because this suit is a suit directly in personam, and not in substitution for a proceeding in rem, and that therefore the provision of the act which fixes the jurisdiction in the District Court of the residence of plaintiff alone controls.

Great, and I think unwarranted, confusion has arisen with reference to this question through the failure of the courts, both inferior and supreme, to give to the plain language of section 2 of the statute (section 1251¼a) its plain effect. As the case reaches me it is not res integra. If it were, I would have no hesitation in giving to the language of section 2 of the act, that such suits shall be brought in the District Court of the United States for the district in which the parties suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or the cargo charged with libel is found, its plain effect, and I would sustain the jurisdiction of this court on the ground of the residence of the plaintiff, whether the libel is brought as a substitution for an in rem proceeding, or directly in personam, and this irrespective of where the ship happened to be.

I must, however, pick my way over the fallen spars, and in and out of the judicial wreckage of the act made by prior decisions, if I would make safe port for myself on this venture. It must be conceded that there is no constitutional limitation preventing Congress from fixing both the jurisdiction and the venue of this class of cases, and, this concession being made, it would seem plain that the act grants the suitor three options as to place of jurisdiction in every suit brought under this act.

Had the courts, inferior and supreme, in the Blamberg and following cases given effect to the comprehensive language of section 2 of the act, rather than to an assumed purpose of Congress, deduced by some of the courts from general considerations and by the Supreme Court from section 1 of the act (section 1251¼), to impose limitations upon it, the question now before me could be easily determined in favor of libelant.

These decisions, however, not only settle, though with due deference I think incorrectly, that it is jurisdictional to a suit in personam, in substitution of one in rem, that the vessel concerned be in the United States, or in one of her possessions, but leave in grave doubt the question whether a suit purely in personam under it, if indeed it can be entertained at all, is not subject to the same limitation; for, while the Supreme Court has not directly passed upon that question, it is difficult to draw from its decisions in the Blamberg and Quinnipiac Cases, denying effect to the provision for suit in the residence of the plaintiff, except when the res is in a port of the United States, any other conclusion than that the act gives no cause of action, except in cases involving or growing out of a res, and when that res is in the United States or her possessions.

If it is correct in stating, in the Blamberg Case, that the first section of the act limits it to vessels in ports of the United States or her possessions, and the second section is in pari materia, and the same limitation must be implied in its construction, and in the Quinnipiac Case that the Suits in Admiralty Act was passed to provide a suit in personam in lieu of the previous right of suitors to libel merchant vessels belonging to the United States in rem, then it follows that the act does not authorize suits purely in personam, and that the jurisdictional clause, authorizing suits in the residence of plaintiff, is not to be construed as applying to such suits.

The District Court in the Blamberg Case, 272 F. 978, apparently believed that the act authorized suits both purely in personam and in personam in lieu of those in rem, and declared that the provision for suit in the district of his residence is a limitation upon plaintiff, rather than an enabling act. It puts its conclusion that suit was not maintainable in that case, because the vessel was not within the jurisdiction of the United States, upon the ground that since in that case no action in personam would lie, and the suit was purely one in rem in fact, though not in form, it could not be considered that Congress had intended to give to a private suitor, as against the United States, any greater rights in such suits than he would have had against a private respondent, and upon this supposed legislative intent it declined jurisdiction.

The Supreme Court affirmed the case, but not upon this ground. It took the ground that the first section was limited to seizures of vessels in the United States, and the second section, the fixing of jurisdiction, being in pari materia, must be also so limited. After the decision in the District Court of the Blamberg Case, and before its affirmance in the Supreme Court, the authorities stood in great confusion on the question whether, in such a suit as that in the Blamberg Case, it was necessary for the vessel to be in the jurisdiction of the litigation, or whether it was sufficient for it to be within the jurisdiction generally of the United States.

One side, of which The Isonomia, 285 F. 516 (Circuit Court of Appeals, Second Circuit), is the best considered, gives complete effect to the reasoning of Judge Rose that Congress had not intended to give any better right to a private suitor against the United States than he would have had in a suit in rem against a private individual, and therefore holding that a vessel must be within the jurisdiction of the court of suit. The other side, represented by Alsberg v. United States, 285 F. 573, Middleton & Co. v. United States (D. C.) 273 F. 199, and Eagle Oil Transportation Co. v. United States (no written opinion) 1923 A. M. C. 545, holding that jurisdiction would lie in the court of plaintiff's residence, if the offending vessel were anywhere in the United States.

The Supreme Court affirmed the Blamberg Case, using these words: "We hold the District Court was right in construing the second section of the statute as not authorizing a suit in personam against the United States as a substitute for a libel in rem, when the United States vessel is not in a port of the United States or of one of her possessions."

The precise question decided in the Isonomia and Alsberg Cases reaching the Supreme Court in Nahmeh v. United States, 1925 A. M. C. 457, 45 S. Ct. 277, 69 L. Ed. 536, the Supreme Court directly limited the Isonomia Case, and followed the Alsberg and Middleton Cases, and in so doing entirely destroyed the theory that Congress had intended to restrict the suit to the jurisdiction controlling suits in rem between private persons, stating: "These liberal provisions indicate that the language used in the section should have its broad and ordinary meaning and should not be interpreted in a restrictive and distributive sense"—and declaring that "a suit brought in the district where the libelant resided was a suit brought in accordance with section 2," and that "it made no difference where the vessel then was, *provided only that it was within the jurisdiction of the United States.*" (Italics mine.)

[2] It thus having been definitely settled that suits in the nature of in rem cannot be maintained in personam against the United States, unless the vessel is within its general jurisdiction, it remains to inquire whether the act authorizes a suit purely in personam, and, if so, whether the maintenance of that suit is dependent upon the res, which is concerned with it, being within the jurisdiction of the United States. Considering, first, whether a suit in personam is maintainable, the decisions of the courts show the same diversity of opinion as in the cases already discussed.

In The Cape Fear, 1923 A. M. C. 528, 8 F.(2d) 80, Judge Knox held that a libel purely in personam against the United States would not lie. To the same effect are Villigas v. United States (D. C.) 1923 A. M. C. 531, 8 F.(2d) 300; Banque Russo Asiatique v. United States (D. C.) 266 F. 897; The Coosa, 8 F.(2d) 81, 1923 A. M. C. 1083; and West Haven, Puget Sound v. United States (D. C.) 287 F. 751, 1923 A. M. C. 381. On the other side of the question is Galban, Lobo Co. v. United States (D. C.) 235 F. 665, 1923 A. M. C. 534; The Agros Corporation v. United States, 1923 A. M. C. 542, 8 F.(2d) 84, an exceedingly well reasoned opinion by Judge Learned Hand, S. D. N. Y.; Bashinsky Cotton Co., Inc., v. United States, 1923 A. M. C. 544, 8 F.(2d) 79; Cross v. United States (D. C.) 1923 A. M. C. 468, 8 F.(2d) 86; The Cape Romain (D. C.) 286 F. 444, 1923 A. M. C. 262; Middleton & Co. v. United States (D. C.) 273 F. 199.

The views on this side sustaining complete jurisdiction under the act are supported by the author of Benedict on Admiralty (5th Ed.) § 192, while the right to sue both in personam and in rem is set at rest in the Second Circuit by The Isonomia (C. C. A.) 285 F. 516, 1923 A. M. C. 132. That case was in effect approved except in so far as it was limited, in the Quinnipiac; the court stating: "The opinion in The Isonomia was carefully prepared, but we think that the rule as to a strict construction of the language of statutes providing for suits against the United States was there carried too far." And I am content to follow The Isonomia and the cases on that side in holding that a libelant has a right to proceed in personam, rather than in rem, in all cases in which he has both a personam and an in rem action, as in the case at bar.

[3] It remains only to inquire whether such action in personam as the statute gives under this construction is subject to the limitation as to jurisdiction established in the Quinnipiac and the Blamberg Cases, and I am constrained to hold that it is, though it has been held differently in The Faraby and The Cape Romain. It is true, as Judge Goddard very correctly states in The Faraby: "An ordinary action in personam is not affected by or concerned with the question of the location of the vessel." And had this statute been given from the first the construction which I think it ought to have been given under the broad and comprehensive language of section 2, Judge Goddard would be right.

But, the Supreme Court having construed the act in discussing a libel in personam brought as a substitute for a libel in rem as being limited to cases where vessels were in ports of the United States, it does not stand to reason that the act could have its application broadened so as to apply to vessels not in the United States by the mere election of the suitor to proceed in personam rather than according to the processes of an action in rem.

Summing up and restating, I think it clear:

(1) That section 2 of the act should have had a full and liberal construction, so as to authorize suits both in personam and in rem, irrespective of the question of where the res was at the time of suit.

(2) That it has been affirmatively decided to the contrary of this view, and it is now the law, by the decisions of the Supreme Court of the United States, that in a libel in personam against the United States, in lieu of a proceeding in rem, it is essential to the jurisdiction that the vessel be in some port of the United States, or her possessions.

(3) That, while there is language in the Blamberg and Quinnipiac Cases indicating the act only gives a remedy by suit in personam in lieu of a proceeding in rem and under the same conditions, the effect of those decisions, in the light of the decisions of the inferior courts, is to permit suits both in personam and in rem.

(4) The Supreme Court having held, however, that the scope of the act is limited and controlled by section 1 of it to cases of vessels within the ports or possessions of the United States, the form of the action, whether purely in personam or in accordance with the principles of an in rem action, cannot affect its scope, and, no matter what the form of the action, it is essential that the rest involved in it, or out of which the action grew, shall be within the jurisdiction of the United States, and the vessel in this case, upon the allegations of the libel, not being within the jurisdiction of the United States, this court has no jurisdiction under the act to entertain the libel, the exceptions will be sustained, and the libel dismissed.