## GALBAN LOBO & CO., S. A., v. UNITED STATES.

### THE ELMAC.

(District Court, S. D. New York. April 19, 1926.)

1. Admiralty ⊚⟹32—Foreign corporation does not have place of business in New York, necessary to there sue United States under Suits in Admiralty Act, because other distinct corporation there sells on commission for account of foreign corporation (Comp. St. §§ 1251¼–1251¼l).

Corporation of Cuba, there engaged in exporting, does not have place of business in New York, necessary to there sue United States, as owner of vessel, under Suits in Admiralty Act (Comp. St. §§ 1251¼–1251¼l), because other entirely distinct corporation, maintaining office in its own name and at its own expense in New York, there in its own name, on a commission basis, sells sugar for account of the Cuban corporation.

2. Courts ⊚⟹99(2).

Decision on exception to libel is law of case on trial after amendment of libel.

In Admiralty. Suit by Galban Lobo & Co., S. A., prosecuted against the United States, as owner of the steamship Elmac, under the Suits in Admiralty Act, to recover damages for breach of charter of this vessel,

such breach having occurred before receipt of cargo on board the vessel. Libel dismissed.

Everett, Clarke & Benedict, of New York City (Walter C. Elliott and Herman S. Hertwig, both of New York City, of counsel), for libelant.

Emory R. Buckner, U. S. Atty., of New York City (Horace M. Gray, of New York City, of counsel), for the United States.

THACHER, District Judge. In sustaining exceptions to the original libel Judge A. N. Hand held that a suit such as this, purely in personam, could be maintained under the Suits in Admiralty Act (Comp. St. §§ 1251¼–1251¼l), but that it was necessary in such a suit for the plaintiff to allege and prove its residence or place of business in the district where suit is brought. Galban Lobo & Co. v. U. S. (D. C.) 285 F. 665. The libel was thereafter amended to allege that the libelant, a Cuban corporation, had a principal place of business in New York City. Upon the trial, the proofs disclosed that the libelant was a corporation organized and existing under the laws of Cuba, and there engaged in business as an exporter of raw sugar. This corporation never had an office in New York City, or elsewhere in the United States.

For a number of years Olavarria & Co., Inc., a New York corporation having an office of its own in New York City, has in its own name made contracts for the sale of sugar for account of the libelant, which the libelant has performed by shipping the sugars from Cuba, and has purchased other merchandise in the United States in its own name, which it has shipped to the libelant in Cuba. This business has been conducted upon a commission basis. All that is done in New York is, in substance as well as in form, the business of Olavarria & Co., carried on in its own office, by its own officers, agents, and employees. The rent, salaries, and all other expenses of conducting its business in the United States are paid by Olavarria & Co. The only charges to the libelant are the commissions paid upon the transactions which result. The libelant exercises no direction or control over the business conducted in the New York office of Olavarria & Co., and it does not appear that that office has ever been used by any person in the employ of the libelant for any business purpose.

[1] The only claim that the libelant does any business here is founded upon the execution of contracts for the sale of sugar by Olavarria & Co. in its own name, but for the account of the libelant. Something more than the execution of such contracts by an independent agency, which maintains its own office in its own name, is necessary to support the claim that the libelant has a place of business in New York. It is possible to do business here, without having a place of business here, and when a foreign corporation does its business through correspondence with an American corporation, even if the business be done upon an agency or commission basis, it cannot properly be said to have a place of business here, unless the case is one in which the corporate distinction between the two companies is so purely formal as to be properly disregarded. The facts do not warrant any such ruling in this case. Peterson v. Chicago, Rock Island & Pac. Ry., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841; Peoples Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Smithson v. Roneo, Ltd. (D. C.) 231 F. 349.

[2] The court is urged to disregard the ruling of Judge Hand in sustaining the exceptions to the original libel herein, because it is argued that there has been a change in the law under the decisions of the Supreme Court of the United States in Nahmeh v. U. S., 267 U. S. 122, 45 S. Ct. 277, 69 L. Ed. 536, and Blamberg Bros. v. U. S., 260 U. S. 452, 43 S. Ct. 179, 67 L. Ed. 346. Judge Hand's decision is the law of this case until modified or reversed on appeal. If it were not, I should still have no hesitation in following it; for, assuming that such a suit as this, involving no liability enforceable in rem against any ship of the United States, can be maintained at all, I find nothing in the later decisions which even suggests that such a suit can be brought in any district other than that of the plaintiff's residence or place of business. Judge Hand held that the presence of the Elmac could not support the jurisdiction, because she is not chargeable with any liability; the statute permitting suit to be brought in the district in which the vessel charged with liability is found.

The plaintiff having no residence or place of business in this district, the libel must accordingly be dismissed.