## SIMONSEN v. UNITED STATES et al.

### No. 31 of 1937.

District Court, E. D. Pennsylvania.

Feb. 9, 1938.

· Philip Dorfman and Abraham E. Freedman, both of Philadelphia, Pa., for plaintiff.

J. Barton Rettew, Jr., Asst. U. S. Atty., of Philadelphia, Pa., J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Krusen, Evans & Shaw, of Philadelphia, Pa., for Luckenbach.

DICKINSON, District Judge.

Leave was granted to file Briefs in this case. These have now been filed and the cause ripe for a ruling.

The libel is filed by a seaman averred to have been injured through negligence. The occurrence was in the Panama Canal Zone. The motion raises the sole question of trial jurisdiction and is one of venue. Should the trial be in the district of the libelant or in the Canal Zone? The question is one of law, not one of convenience. The latter, moreover, is two-edged. The injuries of the libelant were sustained on a vessel in the Canal Zone. It is asserted that it would be convenient to the respondent to have the case there tried. To require the libelant to go there for trial might well be to deny him all remedy for the redress of his injury. The action is against a vessel of the United States and in this sense against the United States. It is in consequence subject to the principle that the sovereign cannot be subjected to an action otherwise than with its consent. This applies to the venue as well as to the subject-matter of the suit. Consent to be sued was given by the United States by the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752. The pertinent provision is that when a libel could be filed against a privately owned vessel it may be filed against the United States as owner. Section 2 of the act, 46 U.S.C.A. § 742. Such a libel may be filed in the district of the libelant or in the district in which the vessel concerned may be. The libelant here resides in this district. The occurrence here, as before stated, was in the Canal Zone. What may be called the Canal Zone Act of June 15, 1914, 48 U.S.C.A. § 1319, provides for the prompt adjustment of claims for damages for injuries "to vessels, cargo, or passengers from the passing of vessels through the locks," etc. In case of disagreement "suit may be brought in the district court of the Canal Zone," etc. Three things may be here noted: (1) The purpose of this act is to expedite the settlement of damages arising out of the operation of the Canal locks; (2) the provision for the place of trial is made permissive; and (3) personal injuries are limited to passengers. Injured seamen are not mentioned. It may be further noted that the Suits in Admiralty Act is a later statute having been passed in 1920.

Counsel for libelant rely on Galban Lobo & Co. v. U. S., 2 Cir., 18 F.2d 221, and Nahmeh v. U. S., 267 U.S., 122, 45 S.Ct. 277, 69 L.Ed. 536. The United States attorney rests his motion on the recent case of New York ex rel. Rogers v. Graves, 299 U.S. 401, 57 S.Ct. 269, 81 L.Ed. 306.

We do not find in any of these cases anything to justify the conclusion that a libel may not be filed in the District of the libelant.

Motion denied.