## FREDRICKSEN v. UNITED STATES.

District Court, S. D. New York.

Jan. 3, 1945.

Harry Eisenberg, of New York City (Jacob Rassner, of New York City, of counsel), for plaintiff.

James B. M. McNally, U. S. Atty., and Kirlin, Campbell, Hickox, Keating & McGrann, all of New York City (Victor S. Cichanowicz, of Brooklyn, N. Y., of counsel), for respondent.

BRIGHT, District Judge.

Libelant's motion to strike out the defense set forth in the 24th subdivision of the respondent's answer is denied. Respondent has the right to present such a defense under the regulations of the War Shipping Administration where the claim may not comply with its regulation 304.24 adopted pursuant to Public Law 17, 78th Congress, 50 U.S.C.A.Appendix § 1291, to challenge the sufficiency of the notice of claim filed in behalf of the libelant.

Libelant's motion to strike out the defense in the 25th subdivision is also denied. Section 2 of the Suits in Admiralty Act, 41 Stat. 525, 46 U.S.C.A. § 742, permits suits of this character to be "brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States or in which the vessel or cargo charged with liability is found." Nahmeh v. United States, 267 U.S. 122, 45 S.Ct. 277, 69 L.Ed. 536. Blamberg Bros. v. United States, 260 U.S. 452, 43 S.Ct. 179, 67 L.Ed. 346. Carroll v. United States, 2 Cir., 133 F.2d 690–692. None of these jurisdictional requirements are alleged in the libel, which does not state where libelant resides or his place of business, nor that the vessel has been found in this district. There is nothing alleged upon either subject. The defendant certainly has the right to question jurisdiction in a situation such as here found.