**METAXAS v. UNITED STATES.**

No. 5104.

District Court, S. D. California, Central Division.

Oct. 30, 1946.

668

David A. Fall, of San Pedro, Cal., for libelant.

James M. Carter, U. S. Atty., Robert E. Wright, Asst. U. S. Atty., McCutchen, Thomas, Matthew, Griffiths & Greene, Harold A. Black, and George E. Toner, all of Los Angeles, Cal., for respondent.

MATHES, District Judge.

This libel in personam is brought pursuant to the so-called Clarification Act of 1943, 50 U.S.C.A.Appendix, § 1291, and the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752. Libelant alleges that he was a seaman on the S. S. "Fort George" and an employee of the United States through the War Shipping Administration; that in 1944 he signed regular shipping articles in the Canal Zone; that on the ensuing voyage he was injured as a proximate consequence of the negligence of his employer; that his resulting claim has been administratively disallowed. For such injuries and for wages, cure and maintenance, and for lack of proper medical and surgical services and medicine, libelant seeks a decree.

The Clarification Act, approved March 24, 1943, 57 Stat. 45, 50 U.S.C.A. Appendix, § 1291, provides in part: "Officers and members of crews (hereinafter referred to as 'seamen') employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration shall, with respect to * * * death, injuries, illness, maintenance and cure, loss of effects, detention, or repatriation, or claims arising therefrom * * * have all of the rights, benefits, exemptions, privileges, and liabilities, under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels. * * * Any claim * * * shall, if ad-

ministratively disallowed * * * be enforced pursuant to the provisions of the Suits in Admiralty Act * * *."

The Suits in Admiralty Act provides that suits thereunder against the United States may be brought "in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found." 46 U.S.C.A. § 742.

The libel at bar contains no averment as to libelant's residence or his "principal place of business in the United States," nor as to the whereabouts of the S. S. "Fort George." Respondent has excepted to the libel upon the ground that the facts alleged are not sufficient to confer jurisdiction upon this court to hear the cause.

Respondent's brief in support of the exceptions asserts that "libelant was not alleged to be a resident of this district because he is a nonresident alien and the ship was not alleged to have been found within the district because it was outside the jurisdiction of the United States when the libel was filed."

■ It is well settled, as respondent points out, that consent of the United States to a waiver of its sovereign immunity should be strictly interpreted. United States v. Sherwood, 1941, 312 U.S. 584, 590, 61 S.Ct. 767, 85 L.Ed. 1058; Schillinger v. United States, 1894, 155 U.S. 163, 166, 15 S.Ct. 85, 39 L.Ed. 108. But it is equally well settled that "seamen are wards of the court" and "favorites of the courts of admiralty." As the Ninth Circuit Court of Appeals recently said: "Against the contention that the Act (Suits in Admiralty) must be strictly construed because it determines the extent of the right to sue the sovereign, there is the case of the Canadian Aviator v. United States, 324 U.S. 215, 222, 65 S.Ct. 639, 89 L.Ed. 901, * * * liberally construing the Public Vessels Act, and our decision in McInnis v. United States, 9 Cir., 152 F.2d 387, 388, so construing one of the provisions of Public Law No. 17 [50 U.S.C.A.Appendix, § 1291]". Kakara v. United States, 9 Cir., 157 F.2d 578.

■ Moreover, even strict construction will not alter the broad consent to be sued in personam in some district court of the United States on claims of the nature described in the Act. Eastern Transportation Company v. United States, 1927, 272 U.S. 675, 686, 691, 47 S.Ct. 289, 71 L.Ed. 472. Thus jurisdiction to try causes grounded upon such claims is clearly lodged in the district courts of the United States, Nahmeh v. United States, 1925, 267 U.S. 122, 45 S.Ct. 277, 69 L.Ed. 536.

■ Where the libel is brought to enforce a claimed liability resting entirely in rem, presence of the vessel "within the jurisdiction of the United States" has been held to be essential to confer jurisdiction of the cause under the Suits in Admiralty Act. Blamberg Bros. v. United States, 1923, 260 U.S. 452; 43 S.Ct. 179, 67 L.Ed. 346; Carroll v. United States, 2 Cir., 1943, 133 F.2d 690; cf. Kunglig Jarnvagsstyrelsen v. United States, 2 Cir., 1927, 19 F.2d 761. Where, however, the object of the libel is enforcement of a claimed liability in personam, presence of the res is not a jurisdictional requisite. Eastern Transportation Co. v. United States, supra, 272 U.S. at page 690, 47 S.Ct. 289, 71 L.Ed. 472.

■ The above quoted provisions of the Suits in Admiralty Act should, therefore, be considered,—not as limitations upon jurisdiction, nor as conditions attached to the sovereign consent to be sued, but as merely designating the district in which a suit thereunder, grounded either in rem or in personam, may be brought. McGhee v. United States, 2 Cir., 1946, 154 F.2d 101, 104; cf. Sportiello v. United States, D.C.E. D.N.Y., 1944, 55 F. Supp. 551; Fredricksen v. United States, D.C.S.D.N.Y. 1945, 59 F. Supp. 831; Sawyer v. United States, D.C. S.D.N.Y., 1946, 66 F.Supp. 271. Contra Abbott v. United States, D.C.S.D.N.Y. 1945, 61 F.Supp. 989.

■ Clearly venue in the suit at bar is properly laid in this court if [1] the libelant resides in the district, or [2] has his "principal place of business in the United States" in the district, or [3] the vessel was found in the district at the time the libel was filed. Thus Congress has in express words granted to American seamen the

privilege of suing the Government in any one of possibly three different districts—whichever best suits the convenience of the libelant. Nahmeh v. United States, supra, 267 U.S. at page 126, 45 S.Ct. 277, 69 L.Ed. 536.

■ Although literal test finds the words missing, there can be no doubt from the legislative history that Congress intended to provide as well a convenient forum for alien seamen "employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration." [S.Rep.No.62, 78th Cong., 1st Sess., pp. 5–6, 11, 13–14; H.Rep.No. 107, 78th Cong., 1st Sess., pp. 3, 9, 21–22.]

As Judge Learned Hand said in McGhee v. United States, supra, 2 Cir., 154 F.2d at pages 104, 105: "Congress plainly meant to grant those alien seamen who manned our merchant marine during the war in the time of our dire necessity the same protection as American seamen. Surely nothing less could in decency have been vouchsafed them. Yet few of them could have 'resided' in the United States; sailors are rovers at best, and alien sailors, if they have any 'residence' at all, will seldom, if ever, have it here. Moreover, our merchant ships were under constant enemy attack, and in the spring of 1943 we were losing them in alarming numbers. Thus, if we read into § 1291 all the conditions of the Suits in Admiralty Act, practically the remedy was open to aliens only in case the ship on which they were injured had survived and was in the United States, and then only in the district where they could catch her. We cannot believe that it was the intent of Congress by such juggling to keep the promise to the ear, only to break it to the hope. We think rather that by incorporating the Suits in Admiralty Act, § 1291 meant to give to alien seamen an available remedy by allowing them to sue in any district, at least when they had a claim in personam against the United States. That does no more violence to the letter of the statute than is frequently permissible when its obvious purpose will be otherwise defeated Markham v. Cabell, 326 U.S. 404, 66 S.Ct. 193."

When a statute conferring a right of action adopts by reference the procedure set forth in an earlier statute, as the Clarification Act here does with respect to the Suits in Admiralty Act, the statutory adjective law thus adopted often will not nicely fit all situations intended. The Jones Act, 46 U.S.C.A. § 688, is a conspicuous example.

In the Public Vessels Act, 46 U.S.C.A. § 781 et seq., 43 Stat. 1112, enacted in 1925, five years after the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., 41 Stat. 525, Congress expressly provided that if the libelant did not "reside or have an office for the transaction of business in the United States, and such vessel or cargo be outside the territorial waters of the United States," then the suit may be brought "in any district court of the United States." 46 U.S. C.A. § 782.

Since the Suits in Admiralty Act omits express provision for place of suit under circumstances just quoted from the Public Vessels Act, the manifest policy of the Clarification Act is furthered by resorting to statutory analogy. Reasoning by analogy from a statute is a soundly established technique invoking the age-old principle of the "equity of the statute." See: Stone, The Common Law in the United States (1936), 50 Harv. L. Rev. 4, 12–13. As Coke put it, the same mischief calls for like treatment in like situations.

■ It being the plain purpose of Congress, by the Suits in Admiralty Act, the Public Vessels Act, and the Clarification Act, to provide a convenient forum and unequivocal consent for seamen to sue the Government, it is the duty of the court to further this purpose within the limits of reasonable interpretation of legislative expression. Cf. Canadian Aviator, Ltd. v. United States, 1946, 324 U.S. 215, 225-228, 65 S.Ct. 639, 89 L.Ed. 901; Hust v. Moore-McCormack Lines, Inc., 1946, 66 S.Ct. 1218; McInnis v. United States, 9 Cir., 1945, 152 F. 2d 387; Benedict, Admiralty, 6th Ed., Vol. I, p. 453. It is my opinion that the interpretation stated in McGhee v. United States, supra, 2 Cir., 154 F.2d at pages 104, 105, falls within those limits.

■ I therefore hold that the Clarification Act gives seamen consent to sue the United States in any district court in cases where the libelant does not reside in the

United States. Cf. Middleton & Co. v. United States, D.C.E.D.S.C., 1921, 273 F. 199, 201. The provision in § 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742—that "upon application of either party the cause may, in the discretion of the court, be transferred to any * * * district court of the United States"— further reasons the soundness of this conclusion.

The failure of libelant to plead facts necessary to show whether venue is properly laid in the cause at bar renders the libel insufficient in the face of respondent's exceptions. Accordingly, the exceptions are sustained, with leave to amend the libel pursuant to local rule 129.

Proctor for respondent will submit formal order embodying this ruling as provided by local rule 7 within five days.