TANKREDERIET GEFION A/S, as owner of the MOTORSHIP GYDA, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 23964.

United States District Court
E. D. Michigan, S. D.
June 3, 1964.

Raymond A. Ballard, Foster, Meadows & Ballard, Detroit, Mich., MacDonald Deming, Charles S. Haight, Jr., Haight, Gardner, Poor & Havens, New York City, for plaintiff.

Lawrence Gubow, U. S. Atty., Barton W. Morris, Asst. U. S. Atty., Detroit, Mich., William E. Gwatkin, III, Atty., Admiralty and Shipping Section, Dept. of Justice, Washington, D. C., for defendant.

FREEMAN, District Judge.

Plaintiff, a corporation of the Kingdom of Norway, brings this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671–2680. The matter is now before the Court on defendant's motion to dismiss based on the ground that the defendant, United States of America, has not consented to be sued nor waived its immunity from suit under the Federal Tort Claims Act and, more specifically, for the reason that the complaint shows on its face that the plaintiff's claim arises out of damages alleged to have been sustained by a vessel on navigable waters, for which claim plaintiff may sue the United States only in admiralty pursuant to the Suits in Admiralty Act, 46 U.S.C. §§ 741–752, which act provides plaintiff's exclusive remedy.

Insofar as pertinent to the instant motion, the complaint alleges that the motorship Gyda, owned by plaintiff, after loading a cargo of scrap at Muskegon, Michigan, proceeded to Detroit, where the vessel took on additional cargo and where the vessel was boarded by employees and agents of the United States to investigate the heating of the cargo;

that such employees and agents discovered the temperature of the cargo was higher than the maximum permitted by pertinent Government regulations and, in violation of their duties to require said cargo to be unloaded and to prohibit the continued carriage thereof, nevertheless allowed the vessel to continue its voyage, and as a result thereof, the said vessel proceeded to Philadelphia, Pennsylvania, where a fire occurred in the said cargo, causing damage to the vessel in the amount of approximately $350,000.

Plaintiff contends that the Federal Tort Claims Act applies to all maritime torts for which no remedy is provided by the Public Vessels Act, 46 U.S.C.A. §§ 741–752, or Suits in Admiralty Act, 46 U.S.C.A. §§ 781–790, and that neither of these acts provides a remedy in the case at bar.

Plaintiff has filed a contingent cross-motion that it be permitted to file a libel in admiralty, as an amended pleading, under the Suits in Admiralty Act, relating back to the date of filing of the complaint herein, if the motion to dismiss said complaint is granted.

Section 1346(b), Title 28 U.S.C.A., in pertinent part provides:

"Subject to the provisions of chapter 171 of this title, the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Section 2680, being a part of chapter 171, Title 28 U.S.C.A., insofar as relevant, provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

  *    *    *    *    *    *

"(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States."

The key question, therefore, is, do Sections 741–752 or 781–790 of Title 46 provide a remedy to plaintiff?

The Government argues that the present action by its nature is one in admiralty and that admiralty actions must be brought in an admiralty court and cannot be brought under the Federal Tort Claims Act. To support these arguments, it points out that the present language of 46 U.S.C. § 742 originated in 'Section 3 of the Act of September 13, 1960, 74 Stat. 912, which it claims amended the Suits in Admiralty Act so as to end certain jurisdictional uncertainties which had long plagued the courts. The Government also argues that Congress intended to make it perfectly clear by such amendment that the Suits in Admiralty Act was to provide the exclusive remedy, not merely for admiralty claims involving Government vessels, but for all admiralty claims against the United States. 1960 U.S. Code Cong. and Adm. News, p. 3583.

Section 742 provides in part:

"In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States or against any corporation mentioned in Section 741 of this title."

Plaintiff claims that it does not have a remedy under Section 742 because said section also provides:

"Such suits shall be brought in the district court of the United States for the district in which the parties suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found."

Plaintiff points out that it is a foreign corporation, has no place of business in the United States, that no vessel or cargo is charged with liability in the present suit, and, hence, plaintiff has no remedy under Section 742 for lack of any venue.

■ Venue is a privilege personal to one defending a claim and improper venue is waived unless timely objection is made. Moore's Federal Practice, vol. 2, pp. 1644–5. Venue can be waived by the Government if plaintiff is allowed to amend the complaint. Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L. Ed. 16. If the Government does not raise the venue question presented by § 742, plaintiff has a remedy under that section.

Middleton & Co. v. United States, D.C., 273 F. 199; Metaxas v. United States, D. C., 68 F.Supp. 667; McGhee v. United States, 2 Cir., 154 F.2d 101, indicate that venue would exist in this Court under Section 742. See The Elmac, D.C., 285 F. 665, for contra view. However, the question of venue under plaintiff's proposed amended pleading (libel in admiralty) is not now before the Court.

■ For the reasons above stated, this Court concludes that plaintiff's claim constitutes an action in admiralty against the United States, for which a remedy is provided by the Suits in Admiralty Act, and cannot be brought under the Federal Tort Claims Act and, hence, defendant's motion to dismiss the complaint must be granted.

■ The Court also will grant plaintiff's motion for leave to file an amended pleading as a libel in admiralty relating back to the date of filing the complaint herein. Moore's Federal Practice, vol. 3, pp. 851–4; Kerrigan's Estate v. Joseph E. Seagram & Sons, 3 Cir., 199 F.2d 694; Weiss v. United States, D.C., 168 F.Supp. 300; The Everett Fowler, 2 Cir., 151 F. 2d 662; Steamtug Aladdin, Inc. v. City of Boston, D.C., 163 F.Supp. 499.

An appropriate order may be submitted.